CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUN 18 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| TAMMY A. DRAUGHN, | ) CASE NO. 4:12CV00042 |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) By: B. Waugh Crigler |
| Defendant. | ) U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's November 6, 2007 protectively-filed applications for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381, et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations for the disposition of the case. The question presented is whether the Commissioner's final decision is supported by substantial evidence. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter DENYING plaintiff's motion for summary judgment, GRANTING the Commissioner's motion for summary judgment, and DISMISSING plaintiff's complaint from the docket of the court.

In a decision dated May 12, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since December 9, 2008, her

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin hereby is substituted for Michael J. Astrue as the defendant in this action.

1

amended alleged date of disability onset.[2] (R. 14.) The Law Judge determined plaintiff's obesity, diabetes mellitus, and respiratory disorder were severe impairments. (R. 14.) He also concluded that, through the date of the hearing, plaintiff did not suffer an impairment or combination of impairments which met or equaled a listed impairment. (R. 16.) Further, the Law Judge found that plaintiff possessed the residual functional capacity ("RFC") to perform sedentary work except that she was limited to occasional postural maneuvers, but could frequently climb ramps or stairs and must avoid concentrated exposure to workplace hazards and respiratory irritants.[3] (R. 17.)

The Law Judge relied on portions of the testimony of J. Herbert Pearis, a vocational expert ("VE"), which were in response to questions premised on the Law Judge's RFC finding. (R. 24-25, 63-71.) Based on this testimony, the Law Judge determined that, while plaintiff was unable to perform her past relevant work as a collar trimmer or sock folder, she could perform a range of sedentary work which was available to her as a interviewer, general office clerk, and hand packer. (R. 23-24, 64-68.) The Law Judge found plaintiff not disabled under the Act.

Plaintiff appealed the Law Judge's May 12, 2010 decision to the Appeals Council. (R. 1-11.) In its August 3, 2012 decision, the Appeals Council found no basis to review the Law Judge's decision. (R. 1-2.) The Appeals Council denied review and adopted the Law Judge's

---

[2] Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). In order to qualify for a period of disability and disability insurance benefits, plaintiff must establish that she became disabled prior to the expiration of her insured status, which was December 31, 2012. *See* 20 C.F.R. § 404.131(a); (R. 14.)

[3] Sedentary work is defined in 20 C.F.R. § 404.1567(a) as involving lifting no more than 10 pounds at a time with occasional lifting or carrying of objects such as files or small tools. A job in this category involves sitting, though a certain amount of walking or standing is often necessary.

2

decision as the final decision of the Commissioner. (*Id.*) This action ensued and briefs were filed.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585, 589-590 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is defined as evidence, "which reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than preponderance." *Id.* at 642.

Plaintiff asserts that the Law Judge did not fully consider the impact of plaintiff's obesity or the combination of her impairments in his determination of her residual functional capacity, and that his finding that plaintiff was capable of sedentary work is not supported by substantial evidence. (Dkt. No. 14, at 6-7.)

Plaintiff's amended alleged date of disability onset is December 9, 2008, the date she stopped receiving unemployment benefits. The first medical evidence following the alleged onset date is from the Heart and Vascular Center ("Center") on April 14, 2009, where plaintiff was treated by Daniel I. Schwartz, PA-C.[4] (R. 286.) Plaintiff's assessment noted that she suffered

---

[4] PA-C denotes a certified physician's assistant who is not an "acceptable medical source" under 20 C.F.R. § 404.1513(a), but whose evidence may be considered in determining the severity of a claimant's impairments and how they affect the claimant's ability to work. 20 C.F.R. § 404.1513(d)(1).

from seasonal allergies, morbid obesity, hypertension, diabetes mellitus type II, and lumbar degenerative disc disease. (R. 286.) Plaintiff was instructed to continue her current medications of paxil (for depression), lantus (for diabetes), lisinopril (for hypertension), and symbicort (for asthma), with an increase in her lantus dosage as her diabetes was not well controlled. (R. 286-287.) Mr. Schwartz also prescribed ceftin for plaintiff's sinus infection. (R. 286.)

On June 2, 2009, plaintiff was treated at the Center for a cough with sinus congestion. She was given samples of enablex (for overactive bladder), and was prescribed ciprofloxacin and singulair for her sinus condition. (R. 321.) Plaintiff followed up with Mr. Schwartz on June 24, 2009, when he observed that her diabetes was poorly controlled. Her lantus dosage was increased, and Mr. Schwartz prescribed ceftin and singulair for plaintiff's continuing sinus infection. (R. 319.)

Plaintiff returned to the Center on September 1, 2009 and reported that the enablex samples had helped with her overactive bladder symptoms. (R. 316.) Mr. Schwartz gave plaintiff samples of actos and enablex and instructed her to continue her other medications. (R. 316.) On October 7, 2009, plaintiff reported to the Center complaining of a cough with mild wheezing. Mr. Schwartz opined that plaintiff was suffering asthma exacerbation with a suspected extrinsic component. (R. 314.) She was prescribed solu-medrol and given samples of actos, levemir, and enablex. (R. 314.)

On October 8, 2009, plaintiff reported to the emergency department at Northern Hospital of Surry County complaining of higher blood sugar levels of almost 600. (R. 338.) Plaintiff was treated by Andrew Pylant, M.D., who instructed plaintiff to stop taking prednisone and follow up with her family physician. (R. 349.) On November 9, 2009, plaintiff returned to the emergency department complaining of coughing, a headache, and a fever. (R. 325.) Michael Jones, M.D.,

diagnosed plaintiff with a viral infection and prescribed trimethoprim-sulfa and acetaminophen with codeine. (R. 333.)

On February 4, 2010, Mr. Schwartz wrote a letter noting that plaintiff had been diagnosed with asthma, diabetes mellitus type II, diabetic neuropathy, hypertension, lumbar disk disease, and morbid obesity. (R. 517.) Mr. Schwartz opined that plaintiff's symptoms were not expected to improve to the point of gainful employment. (R. 517.)

Plaintiff argues that the Law Judge did not adequately consider the effects of her obesity. In fact, the Law Judge considered the effect of plaintiff's weight at 350 pounds, which she reported at the hearing, referred to Social Security Ruling (SSR) 02-01 in his decision, and found that plaintiff's obesity "does not have a significant impact on her other body systems or that it significantly affects her ability with ambulation, mobility or manipulation." (R. 19, 20, 48.) To support his finding, he relied on the fact that the treating source progress notes did not mention any difficulties with ambulation, mobility, or manipulation. Nevertheless, plaintiff contends that the Law Judge did not consider "the limiting effects of [plaintiff's] fatigue, shortness of breath, hypoglycemic spells, leg pain, and back pain that [plaintiff] experiences as a result of her severe obesity." (Doc. No. 14, at 6.) However, none of plaintiff's treating physicians have offered that plaintiff's obesity significantly affects functional capacity. Therefore, the Law Judge's findings are supported by substantial evidence.

Plaintiff also claims that the Law Judge did not consider the combined effects of plaintiff's maladies. At step three of the sequential evaluation, the Law Judge expressly determined that her combination of impairments did not meet a listing. (R. 17.) He further took these combined effects into account in determining that plaintiff's RFC for sedentary work would be limited by her obesity and diabetes and restrictions on exposure to respiratory irritants

5

due to her asthma. (R. 17.) The VE's testimony established that there was gainful employment in the economy for an individual with plaintiff's combined limitations. (R. 66-67.) Since the plaintiff's RFC accounted for the effects of all of plaintiff's severe impairments,[5] the undersigned finds that there is substantial evidence supporting the Law Judge's determination of plaintiff's RFC.

For all these reasons, it is RECOMMENDED that an Order enter DENYING plaintiff's motion for summary judgment, GRANTING the Commissioner's motion for summary judgment, and DISMISSING plaintiff's complaint from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U.S. Magistrate Judge

June 18, 2013
Date

---

[5] Plaintiff's brief claims that plaintiff suffers from morbid obesity, degenerative disc disease, diabetes mellitus with peripheral neuropathy, asthma, and hypertension. (Doc. No. 14, at 2.) However, plaintiff does not argue that the Law Judge erred in finding her degenerative disc disease was not a severe impairment.

6